JEREMIAH KNOWLTON *vs.* CHARLES A. KNOWLTON.

Franklin.  Opinion February 4, 1892.

*Action.  Judgment.  Evidence.*

In a suit on a judgment alleged to have been recovered before a trial justice, the plaintiff is not entitled to introduce secondary evidence of the contents of the record of such judgment, by showing that the original record is in the possession of a person who resides outside of the state, no other reason appearing for the failure to produce such record.

ON REPORT.

Debt on judgment.  The case is stated in the opinion.

*Stubbs and Fogg,* for plaintiff.

When the transaction to be established is not of recent date, and only one appropriate place of deposit exists for the preservation of such instrument of record, and there is no suggestion that they may be found elsewhere, and the appropriate place of deposit is carefully examined without success, an inference of irrecoverable loss or destruction would thereupon arise. *Simpson* v. *Norton,* 45 Maine, 288.

When a paper or record is by law committed to the custody of a particular officer, proof of search and that it cannot be found in his office or custody, is *prima facie* evidence of loss, sufficient to let in secondary evidence of its contents.  *Braintree* v. *Battles,* 6 Vt. 395.

*H. L. Whitcomb,* for defendant.

PETERS, C. J.  In this action the plaintiff declares on a judgment alleged to have been recovered by him against the defendant, in 1867, before Robert Goodenow, Esquire, a trial justice, now deceased.  To enable him to introduce secondary evidence of the contents of the alleged record, it became necessary to first prove that the original had been destroyed or lost. Two places would naturally be suggested as necessary to be searched for the missing record.  One is the county clerk's office ; because the statute requires that all official papers of a trial justice shall be deposited after his death by his executor or administrator in such office.  But the record could not be found

there.    The next inquiry would be of the executor or adminis-
trator of the deceased justice.    The case does not inform us
whether there is or ever was any administration upon his estate.
But the plaintiff was allowed to produce as evidence the follow-
ing affidavit :   "I, Lucy B. Goodenow, of Farmington, Maine,
on oath depose and say :    That I am a daughter-in-law of the
late Robert Goodenow of said Farmington.    That I have in my
custody none of the papers of said Robert Goodenow.

"That I have heretofore made diligent search for the records
kept by him of his proceedings as a trial justice and have been
unable to find the same.    That if said records were in this State
I would be likely to know it.    That I have no personal know-
ledge of their whereabouts, but they are undoubtedly in the
hands of some one out of the State.      Lucy  B.  Goodenow."

This affidavit, instead of proving the records lost, proves the
contrary, and that "they are in the hands of some one out of
the State."    There is in this document a very positive intima-
tion that Mrs. Goodenow knows where and in whose hands the
papers are.    Now the plaintiff is not excused from further search
merely because the papers are shown to be out of the State.
Due search requires that he produce them or show a reasonable
excuse for his failure to do so.    Until that be done proof of their
contents cannot properly be received.    *Whar. Ev.* § 130, and
cases in note.    Here the deficiency of proof is not supplied,
nor is it in any way legally excused.

*Judgment for defendant.*

Walton,   Virgin,   Emery,   Foster   and   Haskell,   JJ.,
concurred.